**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GLOBAL TRAVEL
INTERNATIONAL, INC.,

        Plaintiff,

v.                                                Case No:   6:21-cv-716-GAP-GJK

MOUNT VERNON FIRE
INSURANCE COMPANY

        Defendant.

**ORDER**

This case is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 17) and Defendant's Motion for Summary Judgment (Doc. 20). The Court has also considered Defendant's Response in Opposition (Doc. 21), Plaintiff's Response in Opposition (Doc. 23)[1], and Defendant's Reply (Doc. 24).

I.   **Background**[2]

Plaintiff Global Travel International, Inc. ("GTI") seeks a declaration that Defendant Mount Vernon Fire Insurance Company ('Mount Vernon") is obligated

---

[1] Plaintiff asks the Court to construe this opposition as its reply in support of Plaintiff's summary judgment motion as well. Doc. 23 at 1 n.1.

[2] The facts in this section are derived from the parties' Stipulation of Agreed Material Facts. Doc. 19. None are in dispute.

to defend GTI under an insurance agreement. GTI is a travel agency that provides reservations and other services to its customers. GTI took out a professional errors and omissions liability insurance policy from Mount Vernon (the "Policy"). That policy provided $2 million in liability limits for each claim.

In February 2019, GTI found out that one of its employees was embezzling money from the company. A forensic accounting discovered that this employee embezzled about $1.1 million by creating false invoices, booking hotel reservations, and putting the payment for those hotel rooms in his own pocket. This left GTI unable to meet all of its payment obligations.

One obligation that GTI fell behind on was its payment obligation to Qualpay, Inc. ("Qualpay"), a credit card processor. Qualpay sent GTI a letter that demanded payment of its arrearage. Soon afterward, Qualpay began an arbitration proceeding against GTI.[3] The complaint in this arbitration sought to recover for GTI's breach of contract. Qualpay later filed an amended arbitration demand that slightly changed one paragraph to allege that GTI's breach of the contract was "unintentional and caused by an embezzlement event within GTI." Doc. 1-6 at 2.

---

[3] The arbitration was also brought against one of GTI's principals, Randall Warren. It sought to recover from Warren for breach of a personal guaranty.

After it received Qualpay's first demand, GTI asked Mount Vernon to provide a defense under the Policy. Mount Vernon declined. GTI then made another request after Qualpay amended its demand, but Mount Vernon again declined. GTI then brought this suit seeking a declaration that Mount Vernon was obligated to defend it. Both parties now move for summary judgment.

**II.    Legal Standard**

Courts may grant summary judgment "[w]hen the only question a court must decide is a question of law." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Hinson v. Clinch Cty., Ga. Bd. of Educ.*, 231 F.3d 821, 826–27 (11th Cir. 2000) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden

of proof at trial, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324–25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.").

**III.   Analysis**

The two motions for summary judgment each seek resolution of a straightforward question: Does Qualpay's arbitration against GTI constitute a "dispute" within the terms of the parties insurance agreement, such that it would require Mount Vernon to defend GTI? After consideration, it does not.

Under Florida law, insurance agreements are interpreted in accordance with their plain language.[4] *Auto–Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). Whether an insurer has a duty to defend is determined by the allegations in

---

[4] The parties agree that Florida law applies to this diversity action. *See* Doc. 17 at 9; Doc. 21 at 4.

the complaint against the insured. *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1077 n.3 (Fla. 1998). When an amended complaint is filed, this question is controlled by the amended complaint's allegations so long as the amendment "does not express an intention to save any portion of the original pleading." *State Farm Fire & Cas. Co. v. Higgins*, 788 So. 2d 992, 996 (Fla. 4th DCA 2001). "[A]ny doubt about the duty to defend must be resolved in favor of the insured." *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 580–81 (Fla. 4th DCA 2000). And a coverage clause is interpreted as broadly as possible to ensure the greatest amount of coverage. *Pac. Emp'rs Ins. Co. v. Wausau Bus. Ins. Co.*, No. 05-cv-850, 2007 WL 2900452, at *5 (M.D. Fla. Oct. 2, 2007).

The duty to defend arises from the Policy's Defense and Settlement provision. *See* Doc. 1-2 at 26-27. That section obligates Mount Vernon to "defend any Claim under such Coverage Part(s) even if the allegations of the Claim are groundless, false or fraudulent, subject to all the provisions, terms and conditions of this Policy." Doc. 1-2 at 26.[5] The parties agree that the relevant coverage part for this dispute is Coverage Part A, which governs Professional and Technology Liability.

---

[5] The Policy's definition of "Claim" includes arbitration proceedings. Doc. 1-2 at 18.

That Coverage Part provides that Mount Vernon will defend against a "Professional Wrongful Act." A "Professional Wrongful Act" is defined as "any actual or alleged error, omission, negligent act, or unintentional breach of contract resulting from the rendering of or failure to render Professional Services by an Insured or any person, including an independent contractor acting on behalf of the Insured Entity, for whom the Insured is legally liable in the rendering of Professional Services." In the Policy, "Professional Services" are defined as "Travel Agent." Doc. 1-2 at 10.

Mount Vernon makes three arguments in support of its position that it has no duty to defend. First, it argues that Qualpay's claim does not involve a "Loss." Doc. 20 at 13. Second, it argues that the Policy's breach of contract exclusion excludes this claim from coverage. Doc. 20 at 18. And third, it argues that the complained-of conduct here did not qualify as a "Professional Wrongful Act" because GTI's alleged breach did not result from its work as a travel agent. Doc. 20 at 15.

The Court begins with Mount Vernon's second argument. The arbitration demand here alleges a breach of contract. Mount Vernon argues that the Policy's breach of contract exclusion here precludes coverage. That exclusion holds that Mount Vernon "shall not be liable for Loss or Claim Expenses on account of any Claim" that arises "out of, directly or indirectly resulting from or in consequence

of or in any way involving actual or alleged contractual liability" including "any breach of written contract." Doc. 1-2 at 26. GTI counters that the Policy's breach of contract exclusion does not apply to "unintentional breach of a written contract" and that this arbitration falls outside the exclusion.

But the allegations contained within the complaint do not allege any facts that would take this demand outside the scope of this exclusion. The ordinary interpretation of the facts alleged in the demand suggest that GTI breached the Qualpay contract because it could not afford to pay these fees. *See* Doc. 1-6 at 2 (alleging that the embezzlement event "left [GTI] unable to pay its debts and obligations"). This does not amount to an unintentional breach of contract. While the complaint does state that "[u]pon information and belief, these breaches of contract were not reflections of intentional obstinacy by GTI," that language itself is not enough to bring this within coverage. "Conclusory 'buzz words' unsupported by factual allegations are not sufficient to trigger coverage." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). The one-off assertion that Mount Vernon does not believe this breach was intentional, without any additional facts, does not bring this claim within the scope of coverage. GTI would need to point to some alleged *fact* that would show that the breach was unintentional to escape this exclusion. These facts are not present in the demand; instead, there are only conclusory allegations that this breach was unintentional.

And the exclusion relieves Mount Vernon from a duty to defend against claims "arising out of, directly or indirectly resulting from or in consequence of or in any way involving actual or alleged contractual liability." Doc. 1-2 at 26. Qualpay seeks to recover for breach of a contract—a case involving "alleged contractual liability"—and therefore this exclusion means no duty to defend exists. The Court will therefore enter judgment for Mount Vernon affirming this fact.[6]

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED**.

2. Defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED**.

3. The clerk is directed to enter judgment for the Defendant, Mount Vernon Fire Insurance Company, declaring that Defendant has no duty to defend Plaintiff Global Travel International, Inc. in American Arbitration Associate Case Number 01-20-0015-5315, Qualpay, Inc. v. Global Travel International, Inc. and Randall Jay Warren.

4. After entering judgment, the Clerk is directed to close the file.

---

[6] Given this conclusion, there is no reason for the Court to decide whether a "Loss" is required to trigger Mount Vernon's duty to defend or whether this claim arises from a "Professional Wrongful Act." *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 165 (5th Cir. 1981) (holding that "a federal court should decide only those questions necessary for adjudication of the case before it").

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 21, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party